IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| David Jermaine Aaron, | Case No. 3:09 CV 42 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| (MHD) Mecca Hotel District, | |
| Defendant. | |

Plaintiff *pro se* David Jermaine Aaron filed this case *in forma pauperis* against "(MHD) Mecca Hotel District" (Mecca) on January 8, 2009. The Complaint appears to allege Plaintiff was employed by Mecca when he was injured, possibly while on the job. Plaintiff seeks damages for that injury, though he does not specify the nature of the injury or how Mecca was negligent.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Owens v. Kelling,* 461 F.3d 763, 776 (6th Cir. 2006). However, the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Rucker v. Potter,* 215 Fed. App'x. 406, 407 (6th Cir. 2007).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437

(6th Cir. 1988). District courts are not required "to conjure up questions never squarely presented to them" or "to construct full blown claims from sentence fragments." *Beaudett*, 775 F.2d at 1278. To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

As liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). The Complaint is neither clear about the harm Plaintiff has suffered nor the means by which the Court may redress that harm, let alone whether such harm is actionable under federal law. Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e)(2). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 12, 2009